UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN TOBIN, <br><br> Plaintiff, <br><br> v. <br><br> TROOPER CHERRY, et al., <br><br> Defendants. | CIVIL ACTION NO. 1:20-CV-02320 <br><br> (MEHALCHICK, M.J.) |

## MEMORANDUM

Before the Court in this civil rights case is a motion for summary judgment filed by Defendants Trooper Daniel Cherry and Trooper Daniel Bradley (hereinafter, collectively known as "Defendants"). (Doc. 25). Plaintiff Ryan Tobin ("Tobin") initiated this action under 42 U.S.C. § 1983 by filing a complaint on October 22, 2020, in the Court of Common Pleas of Juniata County, Pennsylvania. (Doc. 1-1). Defendants removed this action to the Middle District of Pennsylvania on December 11, 2020, and Tobin filed an amended complaint on February 4, 2021. (Doc. 1; Doc. 11). In the motion for summary judgment, Defendants claim they are entitled to judgment as a matter of law as no material facts remain in dispute. (Doc. 33, at 1). For the reasons set forth herein, Defendants' motion for summary judgment shall be granted in part and denied in part.[1] (Doc. 25).

---

[1] In his brief in opposition to the motion for summary judgment, Tobin "does concede that the alternative theories based in substantive due process and the state constitution may be dismissed." (Doc. 31, at 1). As such, summary judgment is GRANTED as to the Fourteenth Amendment substantive due process claims and the Pennsylvania Constitution Article I, Section 8 claims against Defendants. (Doc. 25). These claims are DISMISSED WITH PREJUDICE.

I. **BACKGROUND AND PROCEDURAL HISTORY**

This factual background is taken from Defendants' statement of material facts and accompanying exhibits. (Doc. 27; Doc. 26-1). Pursuant to Local Rule 56.1, Tobin has provided his response to Defendants' statement of facts and has provided accompanying exhibits. (Doc. 32). Where Tobin disputes facts and supports those disputes in the record, as required by Local Rule 56.1, those disputes are noted. Pursuant to Local Rule 56.1, the Court accepts as true all undisputed material facts supported by the record. Where the record evinces a disputed fact, the Court will take notice. In addition, the facts have been taken in the light most favorable to Tobin as the non-moving party, with all reasonable inferences drawn in his favor.

On September 23, 2018, Defendants were on routine patrol and responded to a call of a disabled vehicle. (Doc. 27, ¶ 1; Doc. 26-1, at 3). Upon arrival, the occupants of the vehicle, the vehicle owner, Chase Burkholder, and Tobin were waiting for the arrival of a spare tire. (Doc. 27, ¶ 2; Doc. 26-1, at 3). Defendant Cherry approached the passenger side of the vehicle, spoke to Tobin, and observed what appeared to be marijuana shake on Tobin's shirt.[2] (Doc. 27, ¶ 3-4; Doc. 26-1, at 3). Defendant Cherry asked Tobin what was on his shirt and Tobin replied that it was grass from attempting to change the tire. (Doc. 27, ¶ 5; Doc. 26-1, at 3). Defendant Cherry observed that there were no other grass stains on Tobin's shirt apart from the suspected marijuana shake. (Doc. 27, ¶ 6; Doc. 26-1, at 3).

Next, Defendant Cherry asked Tobin to exit the vehicle and Defendant Bradley asked

---

[2] Tobin contends that the "grassy substance" Defendant Cherry discerned to be marijuana shake was never lab tested and positively identified to be marijuana. (Doc. 32, at ¶ 4).

2

Burkholder to also exit the vehicle. (Doc. 27, ¶ 7-8; Doc. 26-1, at 3-4). Defendant Cherry asked for permission to search the vehicle, which was given. (Doc. 27, ¶ 9; Doc. 26-1, at 4). Defendants did not obtain a search warrant. (Doc. 27, ¶ 10). Upon searching the vehicle, Defendants found a scale, needles, and methamphetamine inside Tobin's luggage. (Doc. 27, ¶ 11). Tobin and Burkholder were arrested and charged with several drug-related crimes. (Doc. 27, ¶ 12; Doc. 26-1, at 5).

On March 7, 2019, Judge Morrow granted a motion to suppress the evidence seized from Tobin's luggage. (Doc. 27, ¶ 13). Judge Morrow determined that the investigative detention was not supported by reasonable suspicion and the resulting consent to search the vehicle was a product of that unlawful detention. (Doc. 27, ¶ 14). The Commonwealth prosecutors did not appeal the Order of suppression and dismissed the case against Tobin. (Doc. 27, ¶ 15).

On October 22, 2020, Tobin filed a complaint against Defendants Bradley, Cherry, the Commonwealth of Pennsylvania, and the Pennsylvania State Police in the Court of Common Pleas for Juniata County, Pennsylvania, asserting two causes of action: (1) unlawful search and seizure in violation of the Fourth and Fourteenth Amendments and Article I, Section 8 of the Pennsylvania Constitution; and (2) false arrest and detainment in violation of the Fourth, Fifth, and Fourteenth Amendments. (Doc. 1-1, at 6-11). On December 11, 2020, Defendants removed the action to the Middle District of Pennsylvania. (Doc. 1). On January 25, 2021, the parties stipulated to the dismissal of the Commonwealth of Pennsylvania and the Pennsylvania State Police from this action. (Doc. 9; Doc. 10). Tobin filed the amended complaint on February 4, 2021, reasserting the same causes of action against only Defendants

3

Bradley and Cherry. (Doc. 11). On December 1, 2021, Defendants filed the instant motion for summary judgment, as well as a brief in support and statement of material facts. (Doc. 25; Doc. 26; Doc. 27). Tobin responded on January 25, 2022, by filing his brief in opposition and answer to the statement of facts. (Doc. 31; Doc. 32). Defendants filed a reply brief on February 11, 2022. (Doc. 33). The motion is ripe for disposition.

II. **STANDARD OF REVIEW**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 278 (3d Cir. 2000). The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In

4

deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249.

"Although the party opposing summary judgment is entitled to the 'benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact.'"[3] *Velentzas v. United States*, No. 4:07-CV-1255, 2010 WL 3896192, *7 (M.D. Pa. Aug. 31, 2010) (quoting *Goode v. Nash,* 241 F. App'x 868, 868 (3d Cir. 2007)) (citation omitted). The opposing party "cannot rest solely on assertions made in the pleadings, legal memorandum, or oral argument." *Goode,* 241 F. App'x at 868 (internal quotation marks omitted). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).

III. **DISCUSSION**

In this motion, Defendants assert that their actions did not violate Tobin's Fourth Amendment rights and, therefore, Tobin's amended complaint must be dismissed. (Doc. 26,

---

[3] *See also Beenick v. LeFebvre*, 684 F. App'x 200, 206 (3d Cir. 2017) (stating the purpose of requiring parties to cite to particular parts of the record in their briefs about a motion for summary judgment is to "assist the court in locating materials buried in a voluminous record") (quoting Fed. R. Civ. P. 56(c)(1)(A)).

at 1). Specifically, Defendants submit that: (1) Defendants are not estopped from claiming that they possessed reasonable suspicion to detain Tobin; (2) verbal consent by the owner of the vehicle obviated any need for reasonable suspicion such that Tobin is estopped from asserting a claim for unreasonable search, seizure, and false arrest under the Fourth Amendment; (3) Defendants are entitled to qualified immunity; (4) Defendants' capacity as state actors render the Fifth Amendment claim inapplicable; (5) Tobin failed to state Fourteenth Amendment substantive due process claims against Defendants; and (6) Article I, Section 8 of the Pennsylvania Constitution does not provide a private cause of action for monetary damages. (Doc. 26, at 9-10). In response, Tobin contends that: (1) Defendants are entitled to litigate the existence of reasonable suspicion to detain, search, and seize property from Tobin; (2) Defendants lacked reasonable suspicion to detain, search, and seize property from Tobin; and (3) Defendants are not entitled to qualified immunity as they violated Tobin's constitutional rights. (Doc. 31, at 4-9). In addition, Tobin states that he does not oppose dismissing the Fourteenth Amendment substantive due process and Pennsylvania Constitution theories of liability. (Doc. 31, at 9).

   A.  S<small>ECTION</small> § 1983 C<small>LAIMS</small>

Tobin's amended complaint asserts federal civil rights claims brought pursuant to 42 U.S.C. § 1983. (Doc. 11). Section § 1983 provides a private cause of action with respect to violations of federal constitutional rights. The statute provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

injured in an action at law, suit in equity, or other proper proceeding for redress . . . .
42 U.S.C. § 1983.

Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To establish a section 1983 claim, a plaintiff must establish that a defendant, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). In order to prevail on his Fourth Amendment claims under § 1983, Tobin must demonstrate evidence that: (1) a Fourth Amendment seizure occurred, and (2) the seizure was without probable cause. *Gavlock v. Deniker*, No. 4:04-CV-02447, 2005 WL 1273582, at *2 (M.D. Pa. May 27, 2005) (citing *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)).

B. GENUINE ISSUES OF MATERIAL FACT EXIST AS TO WHETHER DEFENDANTS VIOLATED TOBIN'S FOURTH AMENDMENT RIGHTS.

Defendants argue that sufficient evidence existed at the time of Tobin's search and seizure to demonstrate reasonable suspicion of criminal activity to detain, search, and seize property from Tobin.. (Doc. 26, at 15). Specifically, Defendants assert that they had reasonable suspicion to investigate the matter further "[a]fter observing what appeared to be marijuana shake on [Tobin]'s shirt, in addition to the fact that there was no grass present on the shoulder of the road to validate [Tobin]'s story, and the fact that possession of marijuana remains a criminal offense in Pennsylvania." (Doc. 26, at 16). Furthermore, Defendants aver that the search of the vehicle was reasonable because the owner provided consent. (Doc. 26, at 16). In response, Tobin argues that Defendants did not have sufficient independent evidence to detain Tobin or to support a reasonable suspicion of criminal activity. (Doc. 31,

at 6). As Tobin asserts that Defendants are not estopped from litigating the existence of reasonable suspicion, the Court will not address the topic of issue preclusion. (Doc. 26, at 9; Doc. 31, at 4).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Whether a search or seizure is unreasonable "depends on all of the circumstances surrounding the search or seizure and the nature of the search or seizure itself." *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 616 (1989) (quoting *United States v. Montoya de Hernandez*, 473 U.S. 531, 537 (1985)). A court's inquiry involves assessing "on the one hand, the degree to which [the search or seizure] intrudes upon an individual's privacy and, on the other, the degree to which [the search or seizure] is needed for the promotion of legitimate governmental interests." *Wyoming v. Houghton*, 526 U.S. 295, 300 (1999). A person is "seized" for purposes of the Fourth Amendment if, "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980).

A law enforcement officer "may constitutionally conduct a brief, investigatory stop and frisk ... if he has a reasonable, articulable suspicion that criminal activity is afoot." *United States v. Graves*, 877 F.3d 494, 498 (3d Cir. 2017) (quotation marks, editorial marks, and citation omitted). Such a detention is often called a "*Terry* stop," after the well-known Supreme Court decision in *Terry v. Ohio*, 392 U.S. 1 (1968). Reasonable suspicion must exist at the time of a *Terry* stop. *United States v. Brown*, 448 F.3d 239, 245 (3d Cir. 2006). Information acquired after the initial seizure is not relevant to the reasonable suspicion analysis. *United*

8

*States v. Goodrich*, 450 F.3d 552, 559 (3d Cir. 2006). To meet the reasonable suspicion standard, an officer needs only "a minimal level of objective justification[.]" *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000). "The officer must be able to articulate more than an inchoate and unparticularized suspicion or hunch of criminal activity." *Wardlow*, 528 U.S. at 123-24 (internal quotation marks and citation omitted). And even a stop "that is supported by reasonable suspicion ... may nonetheless violate the Fourth Amendment if it is excessively intrusive in its scope or manner of execution." *United States v. Johnson*, 592 F.3d 442, 451 (3d Cir. 2010).

Courts afford significant deference to a law enforcement officer's determination of reasonable suspicion. *United States v. Foster*, 891 F.3d 93, 104 (3d Cir. 2018). Police are allowed to utilize "their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person." *Graves*, 877 F.3d at 499 (internal quotation marks and citation omitted). "[A] trained officer may find reasonable suspicion 'based on acts capable of innocent explanation.' " *Graves*, 877 F.3d at 499 (citation omitted). "[W]e must consider the totality of the circumstances, including the police officer's knowledge, experience, and common sense judgments about human behavior." *United States v. Robertson*, 305 F.3d 164, 167 (3d Cir. 2002); *see also Graves*, 877 F.3d at 498 (emphasizing that courts must look to "the totality of the circumstances leading up to the moment of the defendant's seizure" when assessing reasonable suspicion).

Defendants contend that there is evidence sufficient to demonstrate that the investigatory detention of Tobin was supported by reasonable suspicion of criminal activity,

9

such as possession of marijuana. (Doc. 26, at 15). As the Supreme Court has explained, "[s]o long as a reasonable person would feel free 'to disregard the police and go about his business,' the encounter is consensual and no reasonable suspicion is required." *Florida v. Bostick*, 501 U.S. 429, 434 (1991) (citation omitted) (quoting *California v. Hodari D.*, 499 U.S. 621 (1991)). However, an encounter between a police officer and a citizen "loses its consensual nature," and a seizure implicating the Fourth Amendment occurs, "when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *Bostick*, 501 U.S. at 434 (quoting *Terry*, 392 U.S. at 19 n.16). Whether a seizure is reasonable depends on (1) "whether the officer's action was justified at its inception," and (2) "whether it was reasonably related in scope to the circumstances which justified the interference in the first place." *Terry*, 392 U.S. at 19-20. "[I]n justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry*, 392 U.S at 21.

      Tobin argues that, under the "community care taking exception," Defendants' ability to briefly stop and question him as to if he needed help was appropriate up to the point that Tobin said he did not need help and that a spare tire was on the way. (Doc. 31, at 5-6). The Court agrees with Tobin that the only facts that Defendant Cherry could rely on to establish reasonable suspicion were the alleged marijuana shake and the fact that Tobin was allegedly shaking when Defendants approached the vehicle. (Doc. 31, at 6). The Supreme Court has recognized that "nervous, evasive behavior is [a] pertinent factor in determining reasonable suspicion." *Wardlow*, 528 U.S. at 124. Even if Tobin's shaking did constitute "nervous, evasive behavior," Defendant Cherry did not describe why he discerned that the substance

was marijuana shake, not grass, how much marijuana shake he observed, or whether there was any other evidence to suggest that Tobin was engaged in criminal activity. (Doc. 31, at 7). Moreover, Tobin contends that the "grassy substance" on his shirt was never lab tested or positively identified to be marijuana. (Doc. 32, at ¶ 4). As the Supreme Court made clear in *Wardlow* and as the Third Circuit has established, a police officer conducting an investigative stop must have reasonable suspicion of criminal activity. *See Wardlow*, 528 U.S. at 123-24; *Johnson v. Campbell*, 332 F.3d 199, 208 (3d Cir. 2003) ("[T]he activity of which the detainee is suspected must actually be criminal.") (citing *United States v. Ubiles*, 224 F.3d 213, 218 (3d Cir. 2000)). Thus, as Tobin submits, the "mere presence of a grassy substance on a motorist's clothing" is not sufficient to provide reasonable suspicion for an investigatory detention, even when combined with Tobin's shaking. (Doc. 31, at 7).

Alternatively, Defendants argue that the search of the vehicle was nonetheless reasonable because the owner of the vehicle provided consent in the absence of duress. (Doc. 26, at 16). Consent is an exception to the "requirements of both a warrant and probable cause." *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973); *see Florida v. Jimeno*, 500 U.S. 248, 250-51 (1991) (approving consent searches because a search permitted by consent is reasonable). Consent must be given voluntarily and voluntariness may be gleaned from considering a range of factors. *Bumper v. North Carolina*, 391 U.S. 543, 548 (1968); *see United States v. Price*, 558 F.3d 270, 279 (3d Cir. 2009); *United States v. Kim*, 27 F.3d 947, 955 (3d Cir. 1994). Factors to be considered in determining whether the consent was voluntary include characteristics of the person consenting (age, maturity, education, intelligence, and experience), and the conditions under which the consent to search were given, including the

officer's conduct, the number of officers present, and the duration, location, and time of the encounter. *United States v. Hernandez*, 76 F. Supp. 2d 578, 581 (E.D. Pa. 1999) (citing *United States v. Lattimore*, 87 F.3d 647, 650 (4th Cir. 1996)).

Defendants argue that they were entitled to search Burkholder's vehicle because he consented to the search despite being "capable of denying the existence of marijuana in their possession after being questioned about the marijuana-looking substance on [Tobin]'s shirt." (Doc. 26, at 17). Tobin does not contest that Burkholder, the owner of the vehicle, gave consent for the search of his vehicle and does not argue that the consent was not voluntary. Instead, Tobin states that the consented search and subsequent arrest were "fruits of the poisonous tress" of the detention, and thus unlawful. (Doc. 31, at 8) (citing *Commonwealth of Pennsylvania v. Santiago*, 209 A.3d 912, 201 (2019)). Thus, Defendants successfully show that they had consent to search the vehicle. Nevertheless, because whether or not reasonable suspicion of criminal activity was established at the time of the search and seizure is a genuine contested issue of material fact, a reasonable jury could conclude that Defendants did not possess reasonable suspicion to initiate an investigatory detention, and therefore that the seizure of Tobin violated his Fourth Amendment rights.

Under these circumstances, the Court denies the motion for summary judgment by Defendants on Tobin's Fourth Amendment claims.[4] *See, c.f., Lopez v. City of Plainfield*, No. 12-

---

[4] Count II of the amended complaint sets forth a claim for false arrest in violation of the Fourth Amendment. (Doc. 11, ¶ 24). However, Tobin does not address the issue of false arrest in his opposition to Defendants' motion for summary judgment. (Doc. 31). "When a party opposing summary judgment responds to a summary judgment motion but fails to address the substance of any challenge to particular claims, that failure constitutes an abandonment of those causes of action and essentially acts as a waiver of these issues." *Reeves v. Travelers Co.*, 296 F.Supp.3d 687, 692 (E.D. Pa. 2017) (citations omitted). Still, summary

12

CV-4976, 2017 WL 370781, at *9 (D.N.J. Jan. 25, 2017) (granting summary judgment where there was *both* reasonable suspicion to make the motor vehicle stop and consent to search the vehicle).

C. DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY.

Defendants move for summary judgment on the grounds that they are entitled to qualified immunity for each of the claims that Tobin alleges against them. (Doc. 26, at 20). Under the doctrine of qualified immunity, law enforcement officers, like other public officials, performing discretionary duties within the scope of their employment, are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The two-pronged test for whether qualified immunity applies requires this court to determine (1) "whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right" and (2) "whether the right at issue was clearly established at the time of a defendant's alleged misconduct." *Montanez v. Thompson*, 603 F.3d 243, 250 (3d Cir.2010) (quoting *Pearson v. Callahan*, 555 U.S. 223 (2009)).

Given the discussion above, when viewed in the light most favorable to him, Tobin's contentions do make out Fourth Amendment constitutional violations for unlawful search and seizure. The Court, therefore, must proceed to the second step of the analysis to determine whether the constitutional rights at issue were clearly established at the time of the alleged

---

judgment is not warranted on Tobin's false arrest claim at this time because genuine issues of material fact exist as to whether reasonable suspicion was established at the time of the search and seizure. Thus, Defendants' motion for summary judgment is denied as to Tobin's claim for false arrest in violation of the Fourth Amendment. (Doc. 25).

violation. This requires the Court to ask the question of whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted." *Montanez*, 603 F.3d at 250.

If the right violated was "clearly established," then the official is not entitled to immunity. "To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 566 U.S. 658, 664 (2012). *Saucier v. Katz*, 533 U.S. 194, 202 (2001). "This is an objective inquiry, to be decided by the court as a matter of law." *Doe v. Groody*, 361 F.3d 232, 238 (3d Cir. 2004). "[E]xisting precedent must have placed the statutory or constitutional question beyond debate" for a right to be clearly established. *Reichle*, 566 U.S. at 664. The Supreme Court does "not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Taylor v. Barkes*, 575 U.S. 822, 825 (2015). Essentially, "in light of pre-existing law the unlawfulness must be apparent." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). This may be the case "despite notable factual distinctions between the precedents relied on and the cases then before the Court, so long as the prior decisions gave reasonable warning that the conduct violated constitutional rights." *Hope*, 536 U.S. at 740 (citation omitted).

Here, the Court finds that there are genuine issues of material fact that preclude the entry of summary judgment as to Defendants' qualified immunity argument. *See Contreras v. Conrad*, No. 3:17-CV-02360, 2020 WL 2193429, at *9 (M.D. Pa. May 6, 2020) (denying summary judgment on qualified immunity argument because genuine issues of material fact existed as to whether defendants violated plaintiff's Fourth Amendment rights). Although the

right to be free from police officers extending an investigatory interaction beyond the time that is reasonably necessary to ascertain whether assistance is needed without reasonable suspicion of a crime was clearly established at the time Defendants approached Tobin, there are genuine issues of material fact as to whether Defendants violated that right. *Rodriguez*, 575 U.S. at 350. As explained above, genuine issues of material fact, including the behavior of Tobin and the existence of marijuana shake on his shirt, prevent the Court from determining whether Defendants had a reasonable suspicion of criminal activity. Accordingly, the Court will deny Defendants' motion for summary judgment on the issue of qualified immunity. (Doc. 25).

IV.   **CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**. (Doc. 25).

An appropriate Order follows.

Dated: August 4, 2022

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**