## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN TOBIN, | |
| Plaintiff, | CIVIL ACTION NO. 1:20-CV-02320 |
| v. | (MEHALCHICK, M.J.) |
| TROOPER CHERRY, et al., | |
| Defendant. | |

## MEMORANDUM

Before the Court are two motions *in limine* filed by Defendants Pennsylvania State Troopers Daniel Bradley and Daniel Cherry (collectively, "Defendants"). (Doc. 37; Doc. 39). Plaintiff Ryan Tobin ("Tobin") initiated this 42 U.S.C. § 1983 civil rights action on October 22, 2020, by filing a complaint in the Court of Common Pleas of Juniata County, Pennsylvania. (Doc. 1-1). Defendants removed this action to the Middle District of Pennsylvania on December 11, 2020, and Tobin filed an amended complaint on February 4, 2021. (Doc. 1; Doc. 11). In the motions *in limine*, Defendants seek to exclude: (1) all testimony regarding Tobin's alleged damages between his arrest and the dismissal of criminal charges; and (2) all evidence/testimony regarding the Court of Common Pleas of Juniata County's March 7, 20219, order. (Doc. 37, at 1; Doc. 39, at 1). The parties have consented to proceed before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 13). For the following reasons, the motions *in limine* shall be GRANTED.

### I.   BACKGROUND AND PROCEDURAL HISTORY

The events giving rise to this action took place on September 23, 2018. (Doc. 11). On that date, Defendants were on routine patrol and responded to a call of a disabled vehicle. (Doc. 11, ¶ 5; Doc. 26-1, at 3). The vehicle was occupied by the lessee/owner, Chase

Burkholder, and Tobin, a passenger, who were waiting for the arrival of a spare tire to fix the front left tire. (Doc. 11, ¶¶ 6-7; Doc. 26-1, at 3). Defendant Cherry approached the passenger side of the vehicle, spoke to Tobin, and observed what appeared to be marijuana shake on Tobin's shirt. 2 (Doc. 11, ¶¶ 6-7; Doc. 26-1, at 3). Defendant Cherry asked Tobin what was on his shirt and Tobin replied that it was grass from attempting to change the tire. (Doc. 11, ¶ 8; Doc. 26-1, at 3). Defendant Cherry observed that there were no other grass stains on Tobin's shirt apart from the suspected marijuana shake. (Doc. 11, ¶ 8; Doc. 26-1, at 3).

Next, Defendant Cherry asked Tobin to exit the vehicle and Defendant Bradley asked Burkholder to also exit the vehicle. (Doc. 11, ¶ 8; Doc. 26-1, at 3). Defendant Cherry asked if the vehicle belonged to Burkholder, who stated that it was. (Doc. 26-1, at 4). Then, Defendant Cherry asked for permission to search the vehicle, which was given. (Doc. 11, ¶ 10; Doc. 26-1, at 4). Defendants did not obtain a search warrant. (Doc. 11, ¶ 13). Upon searching the vehicle, Defendants found a scale, needles, and methamphetamine inside Tobin's luggage. (Doc. 11, ¶ 12). Tobin and Burkholder were arrested and charged with several drug-related crimes. (Doc. 11, ¶ 14; Doc. 26-1, at 5).

After his arrest, Tobin was charged in Juniata County, Pennsylvania, with one count each of: possession of a controlled substance, possession with intent to distribute, and possession of drug paraphernalia. (Doc. 11-1, at 3). On March 7, 2019, in the Court of Common Pleas of Juniata County, Judge Morrow granted a motion to suppress the evidence seized from Tobin's luggage. (Doc. 11, ¶ 15). Judge Morrow determined that the investigative detention was not supported by reasonable suspicion and the resulting consent to search the vehicle was a product of that unlawful detention. (Doc. 11-1). The Commonwealth

2

prosecutors did not appeal the Order of Suppression and dismissed the case against Tobin. (Doc. 11, ¶ 16).

On October 22, 2020, Tobin filed a complaint against Defendants Bradley, Cherry, the Commonwealth of Pennsylvania, and the Pennsylvania State Police in the Court of Common Pleas for Juniata County, Pennsylvania, asserting two causes of action: (1) unlawful search and seizure in violation of the Fourth and Fourteenth Amendments and Article I, Section 8 of the Pennsylvania Constitution; and (2) false arrest and detainment in violation of the Fourth, Fifth, and Fourteenth Amendments. (Doc. 1-1, at 6-11). On December 11, 2020, Defendants removed the action to the Middle District of Pennsylvania. (Doc. 1). On January 25, 2021, the parties stipulated to the dismissal of the Commonwealth of Pennsylvania and the Pennsylvania State Police from this action. (Doc. 9; Doc. 10). Tobin filed the amended complaint on February 4, 2021, reasserting the same causes of action against only Defendants Bradley and Cherry. (Doc. 11). On December 1, 2021, Defendants filed a motion for summary judgment, which the Court granted in part and denied in part on August 4, 2022. (Doc. 25; Doc. 34; Doc. 35). Specifically, the Court dismissed with prejudice Tobin's Fourteenth Amendment substantive due process claims and Pennsylvania Constitution Article I, Section 8 claims against Defendants. (Doc. 34, at 1 n.1; Doc. 35, at 1). Therefore, the sole remaining cause of action in this case are Tobin's claims under the Fourth Amendment. (Doc. 11).

On November 28, 2022, Defendants filed the motions *in limine*, along with briefs in support. (Doc. 37; Doc. 38; Doc. 39; Doc. 40). The parties filed individual pretrial memorandums on December 12, 2022. (Doc. 43; Doc. 44). Tobin filed briefs in opposition to

Defendants' motions *in limine* on December 12, 2022. (Doc. 45; Doc. 46). The motions have been fully briefed and are now ripe for disposition.

## II.   STANDARD OF REVIEW

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule *in limine* on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). In considering motions *in limine*, which call upon the court to engage in preliminary evidentiary rulings under Rule 403 of the Federal Rules of Evidence, the Court begins by recognizing that these "evidentiary rulings [on motions *in limine*] are subject to the trial judge's discretion and are therefore reviewed only for abuse of discretion . . . . Additionally, application of the balancing test under Federal Rule of Evidence 403 will not be disturbed unless it is 'arbitrary and irrational.'" *Ely v. Cabot Oil & Gas Corp.*, No. 3:09-CV-2284, 2016 WL 454817, at *2 (M.D. Pa. Feb. 5, 2016) (citing *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1213 (3d Cir. 1995) (citations omitted)); *see Bernardsville Bd. of Educ. v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994) (reviewing *in limine* rulings for abuse of discretion). Nevertheless, a "trial court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F.Supp.3d at 406.

Further, while motions *in limine* may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012). Indeed, "motions *in limine* often present issues for which final decision

is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013); *see also Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008) ("Relevance and prejudice under Rules 401 and 403 are determined in the context of the facts and arguments in a particular case, and thus are generally not amenable to broad *per se* rules."). Finally, it is important to note that "*in limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

## III.   DISCUSSION

### A.   TOBIN'S DAMAGES BETWEEN THE ARREST AND THE DISMISSAL OF CRIMINAL CHARGES

First, Defendants seek to exclude any and all testimony regarding Tobin's alleged damages between his arrest and the dismissal of the criminal charges against him, a period of 106 days, asserting that the evidence is not relevant to the claims before the Court and must be excluded under Federal Rule of Evidence 403. (Doc. 37; Doc. 38, at 1). Defendants argue that "no matter the outcome of the jury's findings of fact at trial on whether Defendants had reasonable suspicion to continue the investigatory detention, which Defendants maintain that they had," Defendants had probable cause to arrest because "Defendants had knowledge and physical evidence that Plaintiff possessed illegal drugs and drug paraphernalia at the time of the arrest." (Doc. 38, at 3). Thus, Defendants contend "[i]ntroducing any evidence of any alleged damages post-arrest is confusing and misleading to the jury because it over-

complicates the facts that are truly and squarely at issue between the parties resulting in high prejudice to Defendants. (Doc. 38, at 3). In opposition, Tobin argues that the Court should not resolve this issue in a motion *in limine* because there is a dispute as to probable cause for his arrest which the trier of fact must decide, such that "[i]f there was probable cause, controlling authority requires that the period for the assessment of damages ends at that time. If there was no probable cause for arrest, [Tobin] may recover his damages up to the time of his release." (Doc. 45, at 2). The Court agrees with Defendants.

Tobin's remaining causes of action in this case include a Fourth Amendment claim of unlawful search and seizure and a Fourth Amendment claim of false arrest and detention. (Doc. 11, ¶¶ 22-24). "Recovery of damages for the period of time between arrest and dismissal of criminal charges depends on the existence of probable cause for the arrest."[1] *Padilla v. Miller*, 143 F. Supp. 2d 479, 490 (M.D. Pa. 2001) (citing *Groman v. Township of Manalapan,* 47 F.3d 628, 636 (3d Cir.1995) ("an arrest based on probable cause could not become the source of a claim for false imprisonment"); *Russoli v. Salisbury Twp.,* 126 F.Supp.2d 821, 852 (E.D. Pa. 2000) ("a claim for false imprisonment cannot be based on an arrest based on probable cause"); *Wagner v. Waitleverch*, 774 A.2d 1247, 1253 (2001) ("The central issue in determining liability in a Section 1983 action based on a claim of false arrest is 'whether the arresting officers had probable cause to believe the person arrested had committed the offense'.")). "Probable cause 'exists when the facts and circumstances are sufficient to warrant a

---

[1] Tobin was arrested and charged with several drug-related crimes on September 23, 2018. (Doc. 26-1, at 3). On March 7, 2019, the Court of Common Please of Juniata County granted a motion to suppress evidence seized from Tobin's luggage and the Commonwealth dismissed the case against Tobin, 106 days after Tobin was arrested. (Doc. 11-1). A claim of false arrest and detention would end on September 23, 2018, if a fact-finder concludes that the arrest was supported by probable cause.

reasonable person to believe that an offense has been or is being committed by the person to be arrested.'" *Padilla*, 143 F. Supp. 2d at 490 (quoting *Wagner*, 774 A.2d at 1253). The existence of probable cause is based on the facts known by the arresting officer at the time of the arrest. *Calamia v. City of New York,* 879 F.2d 1025, 1032 (2d Cir. 1989).

Probable cause for the decision to arrest Tobin on drug-related charges would be lacking if the evidence found during the unconstitutional search of the vehicle was excluded. The exclusionary rule "is a prudential doctrine designed to enforce the Fourth Amendment by deterring law enforcement from unreasonable searches and seizures" by prohibiting the government from relying at trial on evidence obtained in violation of the Amendment. *United States v. Franz*, 772 F.3d 134, 145 (3d Cir. 2014) (citing *Davis v. United States*, 564 U.S. 229, 236 (2011)). The fruit of the poisonous tree doctrine, an extension of the exclusionary rule, "excludes evidence obtained from or as a consequence of lawless official acts." *Costello v. United States*, 365 U.S. 265, 280 (1961).

The exclusionary rule is not "a personal constitutional right of the party aggrieved." *United States v. Calandra*, 414 U.S. 338, 348 (1974). As the Supreme Court has explained, "standing to invoke the exclusionary rule has been confined to situations where the Government seeks to use such evidence to incriminate the victim of the unlawful search." *Calandra*, 414 U.S. at 348. "The evil of an unreasonable search or seizure is that it invades privacy, not that it uncovers crime, which is no evil at all." *Hector v. Watt*, 235 F.3d 154, 157 (3d Cir. 2000) (quoting *Townes v. City of New York*, 176 F.3d 138, 148 (2d Cir. 1999)). "Victims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy—including (where appropriate) damages for physical injury, property damage, injury to reputation, etc.; but such victims cannot be compensated for injuries that result from

the discovery of incriminating evidence and consequent criminal prosecution." *Hector*, 235 F.3d at 157 (quoting *Townes*, 176 F.3d at 148). The "fruit of the poisonous tree" doctrine likewise cannot be used by a plaintiff in a civil suit to avoid consideration of evidence obtained through police misconduct. *See Townes*, 176 F.3d at 149 (holding that "[t]he fruit of the poisonous tree doctrine . . . is inapplicable to civil § 1983 actions").

    As a result, the fact that Defendants may not have had reasonable suspicion to initiate an investigatory detention or probable cause to search the vehicle does not eliminate Defendants' probable cause to arrest Tobin and Burkholder after Defendants found a scale, needles, and methamphetamine inside Tobin's luggage. *See, e.g., Price v. City of Philadelphia*, 239 F. Supp. 3d 876, 903 (E.D. Pa. 2017) (granting summary judgment in favor of defendants on false arrest and false imprisonment claims where probable cause existed to arrest plaintiff after locating drugs on his person); *Zamichieli v. Andrews*, No. 12-CV-3200-GMS, 2016 WL 8732421, at *4 (E.D. Pa. Apr. 15, 2016) (finding that suppression of a gun found during an unreasonable search "does not prevent [the] court from considering such evidence in connection with its analysis of [Plaintiff's] § 1983 claims"); *Lockhart v. City of Easton*, No. 12-0133, 2013 WL 5225234, at *7 (E.D. Pa. Sept. 17, 2013) (finding that "the exclusionary rule does not alter the probable cause analysis" on a false arrest claim); *Christian v. Orr*, No. 08-2397, 2011 WL 710209, at *17 (E.D. Pa. Mar. 1, 2011) ("Whatever the legality of the searches that yielded the marijuana . . . possession of this drug is illegal in Pennsylvania and thus provides a basis for the police to effect a legitimate arrest."); *Konopka v. Borough of Wyo.*, 383 F. Supp. 2d 666, 675 (M.D. Pa. 2005) (concluding that "[w]hile the fruits of the allegedly illegal search may be inadmissible in criminal proceedings under the exclusionary rule, the illegality of said search does not vitiate the existence of probable cause" in relation to

Plaintiff's malicious prosecution claim); *Padilla*, 143 F. Supp. 2d at 491 ("The lack of probable cause to stop and search does not vitiate the probable cause to arrest, because (among other reasons) the fruit of the poisonous tree doctrine is not available to a § 1983 claimant." (emphasis omitted) (quoting *Townes*, 176 F.3d at 149)).

Therefore, the Court finds that under the exclusionary rule, Tobin may not offer evidence or testimony of any damages sustained for the period of time between his arrest and the dismissal of criminal charged because his arrest was then supported by probable cause. *See Padilla*, 143 F. Supp. 2d at 491. However, importantly, the Court notes that Tobin asserts a genuine issue of material fact exists as to whether the luggage found in Burkholder's vehicle belonged to Tobin. Thus, the discussion in this Memorandum Opinion has no legal effect on the causes of action which will be presented to the fact-finder.

Accordingly, Defendants' first motion *in limine* is granted. (Doc. 37).

B. Court of Common Pleas March 7, 2019, Order

Second, Defendants seek to exclude all evidence and testimony regarding the Court of Common Pleas for Juniata County's March 7, 2019, order and opinion, which suppressed the evidence seized by Defendants during the relevant vehicle search, arguing that such evidence is irrelevant to whether a reasonable officer in Defendants' position on the day in question would have reasonable suspicion to continue the investigatory detention. (Doc. 39; Doc. 40, at 3). Defendants argue that the order "should not be introduced at trial because it is irrelevant to the claims and defenses at issue in this case and is highly confusing to future jurors, has the potential to mislead jurors, can only offer cumulative evidence, and is highly prejudicial to Defendants." (Doc. 40, at 1). In opposition, Tobin asserts that the order is neither irrelevant nor prejudicial, and that the Court can prevent the jury from being confused by instructing

them that: (1) "the state court order is not binding in this case and that this jury must make its own determination as to the existence of a reasonable suspicion to prolong the detention;" and (2) "the issues and standard of proof were different in the state court action." (Doc. 46, at 2).

The Court finds that the written opinion and order by Judge Morrow should not be admitted, as such evidence and/or testimony is irrelevant to the action presently before the Court. "Case law in this Circuit has established that a state court finding of no probable cause is not ordinarily binding in a subsequent § 1983 action." *Jackson v. City of Philadelphia*, No. CIV.A. 11-4294, 2013 WL 101779, at *1 (E.D. Pa. Jan. 8, 2013) (collateral estoppel does not preclude jury from considering whether defendants had probable cause to arrest plaintiff, even though state court decided that they did not) (citing *Smith v. Holtz,* 210 F.3d 186, 199 (3d Cir. 2000) (collateral estoppel did not bar litigation of whether defendants had committed *Brady* violation in civil rights case, even where state court had found that such a violation took place because parties were not identical and defendants were named in individual capacities); *Sanders v. Philadelphia,* 209 F.Supp.2d 439, 440, 442 n.1 (E.D. Pa. 2002) (denying plaintiff's motion for summary judgment on a false arrest claim, although state court had ruled that arrest was not supported by probable cause, because state decision involve different parties and a different issue); *Murphy v. Bendig,* 232 F. App'x 150, 151 (3d Cir. 2007) (denying of plaintiffs' motion for summary judgment in § 1983 case, even though state court had suppressed evidence of a burglary in the criminal action, because arresting officers lacked reasonable articulable suspicion necessary to stop the plaintiffs' van). Here, the Court of Common Pleas granted a motion to suppress evidence after determining that the investigative detention was not supported by reasonable suspicion and the resulting consent to search the

vehicle was a product of that unlawful detention. (Doc. 11-1, at 6-7). However, Judge Morrow's decision did not determine whether Defendants had probable cause to arrest Tobin and Burkholder upon discovering the drug-related paraphilia in the vehicle. (Doc. 11-1, at 2-7). The Court finds that the dismissal of criminal charges is irrelevant to this civil suit regarding whether officers had probable cause at the time of Tobin's arrest. *Jackson*, 2013 WL 101779, at *1. Moreover, the burden of proof in a criminal proceeding, like the one that was before Judge Morrow, is vastly different from the burden of proof in a civil case, like the instant action. *See Stewart v. Abraham*, 275 F.3d 220, 229-30 (3d Cir. 2001) ("probable cause" standards of proof differ between criminal and civil cases). Therefore, Defendants' motion *in limine* to exclude evidence and testimony regarding Judge Morrow's order and opinion must be granted.

In addition, the Court finds that allowing the introduction of evidence and/or testimony regarding Judge Morrow's order and opinion is precluded under Federal Rule of Evidence 403. Generally, evidence is only relevant and thus, admissible, if it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Here, because Judge Morrow's decision is not binding on this civil rights action, the Court finds that the state court decision will confuse a jury as it offers a legal conclusion on the application of the exclusionary rule to the facts before it concerning the September 23, 2018, vehicle search, which is a legal issue not before the Court in the present action. *See Moore v. City of Philadelphia,* No. CV 19-4400, 2022 WL 742485, at *2 (E.D. Pa. Mar. 11, 2022) (granting motion *in limine* to exclude state court's opinion and preclude any mention of factual or credibility findings contained therein because "[a]dmitting the state court's factual

11

conclusions would seriously hamper the jury's ability to do so."). In addition, there risk of misleading the jury and unfair prejudice because the jury may place undue weight on the state court's opinion, rather than conducting its own fact-finding exercise, substantially outweighs any probative value from Judge Morrow's order and opinion. *See Bey-Cousin v. Powell,* 570 F.Supp.3d 251, 257 (E.D. Pa. 2021) (granting motion *in limine* to preclude evidence of Third Circuit's opinion in plaintiff's criminal matter). Finally, given that there is no dispute that the underlying prosecution ended in Tobin's favor enables Tobin to satisfy the elements of his claim while avoiding the risk of prejudice that the state court opinion may cause. *See Bey-Cousin,* 570 F.Supp.3d at 257.

For these reasons, the Court will grant Defendants' motion *in limine* to the extent that any evidence and testimony concerning Court of Common Pleas of Juniata County's March 7, 2019, order and opinion are excluded from admittance at trial and the parties may not mention any factual or credibility findings contained therein. However, the parties will be permitted to refer to the Commonwealth's dismissal of all criminal charges against Tobin.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions in limine (Doc. 37; Doc. 39) are **GRANTED**.

An appropriate Order follows.


Dated: December 30, 2022                    *s/ Karoline Mehalchick*
                                            **KAROLINE MEHALCHICK**
                                            **Chief United States Magistrate Judge**

12